[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

No. 07-14506
Non-Argument Calendar

_____

D. C. Docket No. 06-00033-CV-5

CHARLES SCOTT,

Plaintiff-Appellant,

versus

DEPUTY SHERIFF JAMES MERCIER,
Deputy Sheriff of Brantley,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 10, 2008)**

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Charles Scott appeals the district court's grant of summary judgment in this 42 U.S.C. § 1983 action against James Mercier, the Deputy Sheriff of Brantley County, Georgia. In his complaint, Scott alleged Mercier, while acting under color of state law, entered his property without permission and, when Scott declined Mercier's commands, attacked and beat him. Scott explicitly sued Mercier only in his official capacity, asserting various state law torts and a § 1983 action alleging a violation of Scott's civil rights. Mercier first moved for summary judgment on February 12, 2007. During a status conference on June 29, 2007, Mercier asked to file an amendment to his summary judgment motion. The district court instructed Mercier to file his amendment within three weeks, and allowed Scott two weeks to respond. Mercier filed his amended motion on July 20, 2007, arguing that sovereign immunity barred the suit. Scott replied on July 30, 2007. On September 14, 2007, the district court granted summary judgment in favor of Mercier on the § 1983 claims, finding Mercier was entitled to Eleventh Amendment sovereign immunity as a state actor under *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) and, alternatively, that Scott had failed to challenge an official policy or practice of the Brantley County Sheriff's Office. The district court declined to exercise supplemental jurisdiction over Scott's state law claims and dismissed them without prejudice.

We have thoroughly reviewed the record and the briefs in this case and find no merit to any of Scott's issues on appeal.[1] We affirm for the reasons set forth in the district court's well-reasoned order of September 14, 2007.

**AFFIRMED**.

---

[1] We decline to address Scott's argument that the district court erred in considering Mercier's amended summary judgment motion asserting sovereign immunity. Scott argues the court permitted Mercier to amend his summary judgment motion well outside the date set by the original Scheduling Order without demonstrating the good cause required by FED. R. CIV. PRO. 16(b)(4). We will not address this argument because Scott was given ample opportunity to raise it below both at the status conference and when he responded to Mercier's amended motion. By failing to do so, Scott waived the argument. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotations omitted)).